**In re Ferleger**

438

Disciplinary Board Docket no. 51 D.B. 2004.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

NEWMAN, *Member,* May 4, 2005—Pursuant to Rules 208(d)(2)(iii) and 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement from inactive status and petition for discipline.

## I. HISTORY OF PROCEEDINGS

On March 2, 2004, David Ferleger filed a petition for reinstatement from inactive status. On July 15, 2004, a joint stipulation in lieu of petition for discipline was filed by Office of Disciplinary Counsel and David Ferleger, herein referred to for ease of reference as respondent. By order of the Disciplinary Board dated July 21, 2004, the petition for reinstatement from inactive status and the stipulation in lieu of petition for discipline were consolidated for hearing.

A hearing was held on September 23, 2004, before Hearing Committee 1.17 comprised of Chair Gilbert J. Scutti, Esquire, and Members Heather Gallagher Tucker, Esquire, and Martin N. Lisman, Esquire. Respondent appeared pro se.

Following the submission of briefs by the parties, the hearing committee filed a report on December 28, 2004, and recommended that respondent be reinstated to active status and that he receive a private reprimand for his unauthorized practice of law while on inactive status.

Office of Disciplinary Counsel filed a brief on exceptions to the report of the Hearing Committee on January 14, 2005, contending that respondent's misconduct warrants public discipline. Respondent filed a brief on exceptions on January 25, 2005, and requests that the board uphold the recommendation of the Hearing Committee.

This matter was adjudicated by the Disciplinary Board at the meeting of March 16, 2005.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Office of Disciplinary Counsel, whose principal office is located at Suite 1400, 200 North Third Street,

Harrisburg, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said rules.

(2) Respondent, David Ferleger, was born in 1948 and was admitted to the practice of law in the Commonwealth of Pennsylvania in 1972. His current home address is 620 W. Mt. Airy Avenue, Philadelphia, PA 19119. His current business address is 10 Presidential Blvd., Suite 115, Bala Cynwyd, PA 19004. He is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

(3) Respondent has no prior history of discipline.

(4) Respondent was placed on inactive status in August 1997 as a result of his failure to maintain his required Continuing Legal Education credits.

(5) Respondent sought reinstatement from inactive status by way of a petition for reinstatement from inactive status and special reinstatement questionnaire filed with the Disciplinary Board on March 2, 2004.

(6) Question no. 11 on the questionnaire asks: "Have any legal services been performed for clients with or without fee during the period of inactive status? If so, give particulars."

(7) Respondent stated the following in response to no. 11: "I have *not* accepted cases for years now. Several years ago I assisted for a short time several clients who had been abused by a psychiatrist, and several individuals who were denied disability accommodations on an admission test." (emphasis in original)

(8) The Disciplinary Board Secretary forwarded the petition and questionnaire to Office of Disciplinary Counsel. In a letter dated April 13, 2004, Office of Disciplinary Counsel wrote to respondent and requested, among other things, additional information regarding respondent's answer to no. 11 on the questionnaire.

(9) Respondent replied in a letter dated April 26, 2004, and acknowledged filing five cases in the Chester County Court of Common Pleas. Respondent also acknowledged filing two cases in the United States District Court for the Eastern District of Pennsylvania.

(10) As a result of the information respondent provided to Office of Disciplinary Counsel, a discipline file was opened.

(11) Seeking to expedite the process and cooperate with Office of Disciplinary Counsel, respondent acknowledged that he acted inappropriately with regard to the cases and agreed to consolidate the reinstatement and disciplinary matters.

(12) Between February 1999 and January 2001, five cases were filed in the Chester County Court of Common Pleas against defendant Byron Braid M.D. In two of the cases, claims were also filed against two additional defendants.

(13) Respondent entered his appearance in a suit captioned *Lohmann v. Braid* on April 18, 2000.

(14) Respondent filed complaints in four more suits against the defendant, Dr. Braid, in the Court of Common Pleas of Chester County. All of these cases were filed within a six-month time period. Litigation continued in the cases thereafter; three of the cases ended in

2001, with an appeal in one decided in 2003; two of the cases ended in 2002.

(15) Ultimately, all five of the cases were disposed of before trial.

(16) During the course of the *Lohmann* case, respondent filed approximately 25 discovery and substantive motions and responses to motions. He also took an appeal to the Superior Court.

(17) Respondent filed *Hesselbacher v. Braid* in August of 2000 by a writ of summons. The case was litigated for less than one year. During that time respondent filed approximately six motions, letters or pleadings.

(18) Respondent filed *Dewey v. Braid* in August of 2000 by writ of summons. The case was litigated for approximately 13 months. During that time respondent filed the complaint as well as several motions and briefs.

(19) Respondent filed *Krejs v. Braid* in August of 2000 by writ of summons. The case was litigated for one year and eight months. During that time, respondent filed the complaint as well as several letters and replies, an answer to new matter, and motions.

(20) Respondent filed *Collins v. Braid* in January of 2001 by writ of summons. The case was litigated for about one year and nine months. During this time, respondent filed the complaint as well as 10 other motions or responses.

(21) At the time of the filing and pendency of the Chester County Court cases, respondent did not notify his clients, defense counsel, or the court that he was ineligible to practice in Pennsylvania state court.

(22) In addition to the five state court cases, respondent filed two cases in the Eastern District of Pennsylva-

nia on behalf of law school students seeking accommodations when taking the LSAT. The first case was filed in 2000 and the second in 2002. Both cases ended shortly after filing.

(23) While respondent was eligible to practice in federal court, at the time he filed the federal cases, he was unaware of what effect his inactive status had on his ability to practice law in federal court.

(24) Respondent filed his petition for reinstatement from inactive status in March 2004 and answered certain questions pertaining to whether he performed legal services, as described above in no. 7. At the time respondent supplied his response his most recent affirmative act of practicing law occurred in November 2002, in the *Lohmann* matter, which was less than two years before he filed his questionnaire.

(25) Respondent remained as attorney of record in the *Lohmann* matter through the conclusion of the case. The lower court judgment was affirmed in September 2003 and the record remitted in February 2004.

(26) The letterhead utilized by respondent during the period of his inactive status did not state that his practice was limited to federal court only.

(27) Respondent remained listed in area directories as a lawyer during the period he was on inactive status.

(28) Respondent testified on his own behalf at the disciplinary hearing. Respondent explained his response to question 11 as follows: "when I as a lawyer say I haven't accepted cases, several years ago I assisted, et cetera, to me assisting means doing what I do. I've been a litigator for 30 years, and if I say I helped somebody, to me it's from the point of view of being a litigator." (N.T. 54.)

(29) Respondent understood that inactive status meant that he was unable to practice law.

(30) Respondent cooperated with Office of Disciplinary Counsel in its investigation of the disciplinary matter by providing the information specifically requested and facilitating the process by waiving the filing of a petition for discipline.

(31) Office of Disciplinary Counsel was satisfied that respondent gave an accurate description of his legal activities in Pennsylvania while on inactive status.

(32) Respondent expressed remorse for his actions.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct and Rules of Disciplinary Enforcement:

(1) R.P.C. 5.5(b)—A lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction.

(2) R.P.C. 7.1(a)—A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it contains material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as whole not material misleading.

(3) Pa.R.D.E. 203(b)(3)—The following shall also be grounds for discipline: (3) willful violation of any other provision of the Enforcement Rules via Pa.R.D.E. 217, as provided below.

(4) Pa.R.D.E. 217(b)—A formerly admitted attorney shall promptly notify or cause to be notified, by registered or certified mail, return receipt requested, all cli-

ents who are involved in pending litigation or administrative proceedings, and the attorney or attorneys for each adverse party in such matter or proceeding, of the transfer to inactive status and consequent inability of the formerly admitted attorney to act as an attorney after the effective date of the transfer to inactive status.

(5) Pa.R.D.E. 217(c)(1) and (2)—A formerly admitted attorney shall promptly notify or cause to be notified, of the transfer to inactive status, by registered or certified mail, return receipt requested: (1) all persons or their agent or guardian to whom a fiduciary duty is or may be owed at any time after the transfer to inactive status, and (2) all other persons with whom the formerly admitted attorney may at any time expect to have professional contacts under circumstances where there is a reasonable probability that they may infer that he or she continues as an attorney in good standing. The responsibility of the formerly admitted attorney to provide the notice required by the subdivision shall continue for as long as the formerly admitted attorney is on inactive status.

(6) Pa.R.D.E. 217(j)(4)—A formerly admitted attorney may not engage in any form of law-related activities in this Commonwealth except in accordance with certain requirements as contained in the rule.

## IV. DISCUSSION

This matter is before the board for consideration of David Ferleger's petition for reinstatement from inactive status, and the disciplinary charges that arose as a result of information revealed in the petition indicating that respondent practiced law while on inactive status.

The record is clear, and respondent admits, that he engaged in the unauthorized practice of law while on

inactive status. Respondent was transferred to inactive status by court order in August of 1997 due to his failure to maintain his required Continuing Legal Education credits. Respondent had knowledge that he had been transferred to inactive status. He was apprised of his status each year when he received his annual attorney registration form. He understood that inactive status meant that he should not be practicing law. Despite this understanding, respondent filed or assumed responsibility as attorney of record for five cases in the Court of Common Pleas of Chester County while on inactive status. Respondent held himself out as a licensed practitioner, as evidenced by his court appearances and filings, his letterhead and his failure to remove his name from the telephone and legal directories.

Respondent's admitted misconduct clearly impacts his desire to regain active status. His unauthorized practice of law and his less than candid response to a question on the reinstatement questionnaire reflects negatively on his moral qualifications. Respondent's actions were not isolated instances of practice. He actively litigated five matters in state court between 2000 and 2002. He deliberately undertook these matters with the knowledge that he was not permitted to do so.

The Supreme Court takes seriously the unauthorized practice of law. Depending on the presence of aggravating and mitigating factors and the degree of willfulness exhibited, suspensions ranging from three months to two years have been imposed in recent cases. Several recent cases have resulted in suspensions of one year and one day. In *Office of Disciplinary Counsel v. Brown,* 64 D.B. 2003, 954 Disciplinary Docket no. 3 (Pa. Oct. 15, 2004), Mr. Brown was employed as a part-time public defender

in Erie County. While on inactive status, he defended at least 97 criminal defendants from January 2001 to February 2002. In *Office of Disciplinary Counsel v. Forman,* 70 D.B. 2001, 799 Disciplinary Docket no. 3 (Pa. Jan. 31, 2003), Mr. Forman continued to practice law for 12 years while on inactive status. In the matter of *Office of Disciplinary Counsel v. Harrigan,* 123 D.B. 2000, 783 Disciplinary Docket no. 3 (Pa. Nov. 25, 2002), Mr. Harrigan was placed on inactive status for failure to comply with his Continuing Legal Education requirements. While on inactive status, the attorney used letterhead and held himself out as a practicing attorney. He had a long history of transfers to inactive status for failure to fulfill his administrative responsibilities regarding his law license, and had a history of two informal admonitions, one of which was for practicing law while on inactive status. Additionally, in the matter of *Office of Disciplinary Counsel v. Rodney,* 118 D.B. 2000, 743 Disciplinary Docket no. 3 (Pa. June 13, 2002), the respondent continued to represent three clients in state court after being placed on inactive status.

Respondent's unauthorized practice of law, compounded by his deceptive response in his reinstatement questionnaire, merits a suspension of one year and one day and, furthermore, is consistent with recent sanctions imposed by the Supreme Court for similar conduct.

As the board is recommending a suspension of one year and one day, we further recommend that the petition for reinstatement from inactive status be denied.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, David

Ferleger, be suspended from the practice of law for a period of one year and one day, and that the petition for reinstatement from inactive status be denied.

The board further recommends that respondent be directed to pay the necessary expenses incurred in the investigation and prosecution of this matter.

Board Members Saidis and Suh dissented and would recommend a two-year suspension and denial of the petition for reinstatement from inactive status.

Board Member Curran did not participate in this matter.

Board Members McLaughlin, Brown, Pietragallo and Nordenberg did not participate in the March 16, 2005 adjudication.

## ORDER

And now, August 3, 2005, upon consideration of the report and recommendations of the Disciplinary Board dated May 4, 2005, the motion for oral argument, the petition for review and responses thereto, the motion for oral argument is denied pursuant to Rule 208(e)(4), Pa.R.D.E., and it is hereby ordered that David Ferleger be and he is suspended from the bar of this Commonwealth for a period of one year and one day, the petition for reinstatement from inactive status is denied, and respondent shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that the expenses incurred in the investigation and processing of these matters shall be paid by David Ferleger.

Messrs. Justice Castille and Baer dissent as to the imposition of the sanction.